**Mohamed DIABY, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–6158–ag.

United States Court of Appeals, Second Circuit.

May 22, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Shifa Soressa, New York, New York, for Petitioner.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Mohamed Diaby, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). The Court reviews *de novo* questions of law, mixed questions of law and fact, and the application of law to undisputed fact. *See, e.g., Hong Ying Gao v. Gonzales,* 440 F.3d 62, 65 (2d Cir.2006).

Diaby argues that the IJ erred in denying his claim that he had a well-founded fear of future persecution on account of an imputed political opinion because the IJ held him to the wrong standard of proof. Although neither the statute nor the regulations state with clarity to what degree the applicant for asylum or withholding of removal must prove the elements of the claim, *see* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 208.13(a), Diaby correctly asserts that he must prove the elements of an asylum claim by a preponderance of the evidence. *Matter of Acosta,* 19 I. & N. Dec. 211, 215, 1985 WL 56042 (BIA 1985). Accordingly, the IJ must reevaluate Diaby's claims under the preponderance of the evidence standard.

In addition, the IJ must address whether Diaby has suffered past persecution or has an objectively reasonable fear of future persecution in Guinea–Bissau on account of an imputed political opinion. In order to show that persecution occurred or will occur on account of political opinion, an applicant must demonstrate, through either direct or circumstantial evidence, that the persecution arises from his own political opinion and the persecutor's motive to persecute arises from his political beliefs. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing to *INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). This Court has held that an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of

political persecution within the meaning of the Immigration and Nationality Act ("INA"). *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (remanding for the IJ to consider whether petitioner's sale of Falun Gong books could have led the Chinese government to believe that he was a supporter of Falun Gong).

■ Despite Diaby's arguments during the hearing, the IJ never addressed whether Diaby may face persecution in Guinea–Bissau on account of imputed political beliefs, based on his father's position as chief of the village. The IJ may have been reasonable in finding that the murder of Diaby's father was motivated, at least in part, by civil or political strife. However, when there may be mixed motives for a persecutor's actions, an asylum applicant is not required to show with absolute certainty why the events occurred; he is only required to show that the harm was motivated, at least in part, by an actual or imputed ground. *Matter of S–P–,* 21 I. & N. Dec. 486, 494–95, 1996 WL 422990 (BIA 1996) (citing to *Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812). In this case, the BIA and IJ failed to consider whether Diaby's father's position as the chief of the village was sufficient circumstantial evidence that he was targeted by Mane's group because they thought he sympathized with the government. The IJ also failed to consider whether that same political opinion, support of the government, would be imputed onto Diaby if he returns to Guinea–Bissau. As noted above, the IJ must reconsider whether Diaby met this burden by a preponderance of the evidence. *See Matter of Acosta,* 19 I. & N. Dec. at 215.

■ In addition to his political opinion claim, Diaby asserts in his brief that he has a well-founded fear of future persecution on account of his membership in a particular social group, defined as his family. Although Diaby checked the social group box on his asylum application, he never raised any social group arguments in his hearing before the IJ. Moreover, Diaby did not raise a social group argument before the BIA. Accordingly, this Court lacks jurisdiction to review Diaby's social group claim. 8 U.S.C. § 1252(d)(1); *see, e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). Diaby also failed to effectively challenge the denial of his CAT claim to the BIA, and therefore, this Court lacks jurisdiction to review it. *Id.*

Accordingly, the petition for review is GRANTED in part, DENIED in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).